IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.H.E. INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>              v.<br><br>VICKI LYNN ACKER on behalf of the next of kin of RICKY JOHN BOYD and as Administrator of the Estate of RICKY JOHN BOYD, PAUL TURNER, LAGRANGE TROUP COUNTY SPEEDYWAY, INC. and JOHN DOES 1-3,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-04436-SDG |

**ORDER**

This matter is before the Court on Defendant LaGrange Troup County Speedway, Inc.'s ("Speedway") motion to dismiss or transfer this action to the Newnan Division [ECF 12]. For the below reasons, Speedway's motion to transfer is **GRANTED**.[1]

**I.     BACKGROUND**

On October 2, 2019, Plaintiff T.H.E. Insurance Company ("T.H.E.") initiated this action against Defendants Speedway, Vicki Lynn Acker, Paul Turner, and

---

[1] Speedway moved to dismiss based only on incorrect intra-division venue [ECF 12]. Therefore, by granting the transfer, the motion to dismiss is moot.

three unnamed "John Does."[2] T.H.E. seeks a declaratory judgment that it is not required to provide a defense for or to indemnify Speedway in a civil action currently pending in the State Court of Carroll County, Georgia (the "Underlying Action").[3] The Underlying Action alleges Turner ran over Boyd with a vehicle or car trailer while Boyd walked along a service road at the LaGrange Motor Speedway, causing Boyd's death.[4] Prior to that accident, T.H.E. issued a Commercial General Liability Policy, No. CPP01035063 (the "Policy"), to Speedway.[5]

On October 30, 2019, Speedway filed the instant motion to dismiss or transfer.[6] Although Acker and Turner have been served,[7] neither has responded to Speedway's motion or otherwise made an appearance in this action. T.H.E. filed its response to Speedway's motion on November 4, consenting to the intra-district

---

[2] ECF 1.

[3] ECF 1; ECF 1-2 (Complaint, *Acker v. Turner et al.*, Case No. STCV-2019-000239 (Carroll Cty. Ga. St. Ct. April 16, 2019)).

[4] ECF 1.

[5] ECF 1, ¶ 10; ECF 1-1 (Policy).

[6] ECF 12.

[7] ECF 14 (Acker); ECF 17 (Turner).

transfer of this case to the Newnan Division, but requesting that the action not be dismissed.[8] T.H.E. did not file a reply.

## II. DISCUSSION

28 U.S.C. §1404(b) provides that:

> Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

Although "there is no longer any statutory requirement that venue in federal civil cases be laid in a particular division within a district . . . the concept of divisional venue may remain important . . . as a matter of local rule or practice." 14D Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3809 (4th ed. 2019) (hereinafter "Federal Practice"). Nonetheless, this type of intra-district transfer "is a discretionary transfer subject to the same analysis as under 28 U.S.C. § 1404(a)." *AGSouth Genetics LLC v. Terrell Peanut Co.*, No. 3:09-cv-93 (CDL), 2009 WL 4893588, at *2 (M.D. Ga. Dec. 9, 2009). *See also* 14D Federal Practice § 3809 ("[T]ransfer is not automatic, but is, under the statute, in the discretion of the court.").

---

[8] ECF 13, at 2 ("Plaintiff has no objection to the transfer of the case from this Court to the Newnan Division.").

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This is intended to be a "flexible and individualized analysis [that] encompasses consideration of the parties' private expression of their venue preferences." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The analysis under § 1404(a) includes the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

As a threshold matter, the Court must first determine whether the pending action "might have been brought" originally in the Newnan Division. 28 U.S.C. § 1404(a). The parties do not contest that jurisdiction and venue are proper in the Newnan Division of this District, as all the alleged events giving rise to this suit and the Underlying Action occurred in Troup County, Georgia, which is within the Newnan Division. 28 U.S.C. § 90(a)(4) (indicating Troup County, Georgia is

part of Newnan Division of Northern District of Georgia); 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."). Moreover, Acker filed the Underlying Suit in, and Turner is a resident of, Carroll County, Georgia — which is likewise in the Newnan Division. 28 U.S.C. § 90(a)(4). Thus, this action could originally have been brought in the Newnan Division. Judicial Improvements and Access to Justice Act, Pub. L. No. 100–702, § 1001(a), 102 Stat. 4642, 4664 (1988) (repealing divisional venue statute, formerly 28 U.S.C. § 1393).

Based on the circumstances of this case, and considering T.H.E.'s consent, the Court finds that an intra-district transfer to the Newnan Division is warranted. The center of gravity of this litigation appears to be Troup County, Georgia, where the events in question took place, Speedway is located, and the bulk of relevant witnesses and evidence appear to be.[9] Finally, the Underlying Suit is pending in a Georgia state court located in the Newnan Division. The Court concludes that transfer to the Newnan Division would save the parties — as well as potential witnesses and the Court — time, energy, and resources. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("[T]he purpose of [§ 1404(a)] is to prevent the waste of time,

---

9   ECF 12, at 5.

energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.").

Moreover, there is no indication that any of the parties have a connection with the Atlanta Division that would otherwise override these weighty considerations. The only apparent connection to this division is that Acker resides in Douglasville, Georgia.[10] This does not change the calculus, as there is no indication that the Newnan Division is an inconvenient forum for Acker. Indeed, any such argument is belied by the fact that Acker filed the Underlying Suit in the State Court of Carroll County, within the Newnan Division. In any event, Acker has not appeared in this action.

Therefore, the Court finds a transfer to the Newnan Division is appropriate.

---

[10] ECF 12, at 5. Douglasville is located in Douglas County, Georgia, within the Atlanta Division. 28 U.S.C. § 90(a)(2).

### III. CONCLUSION

Defendant Speedway's motion to transfer venue [ECF 12] is **GRANTED**. The Clerk is **DIRECTED** to transfer and reassign this action to the Newnan Division of the Northern District of Georgia.

**SO ORDERED** this the 11th day of June 2020.

 

Steven D. Grimberg
United States District Court Judge